UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEVICA THOMPSON-PRATT,

        Petitioner,               Case No. 1:24-mc-50151

v.                                        Honorable Thomas L. Ludington
                                               United States District Judge

UNITED STATES OF AMERICA

        Respondent.
_____/

**OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS FORFEITURE PETITION AND DISMISSING FORFEITURE PETITION WITHOUT PREJUDICE**

In July 2023, Michael Pratt pleaded guilty to conspiring to possess with the intent to distribute cocaine. As a result, he forfeited property that the Government seized. After the Government published a statutorily required notice of Pratt's forfeiture, Petitioner Devica Thompson-Pratt filed a third-party petition and initiated ancillary proceedings to recover the forfeited property. The Government filed a motion to dismiss the Petition for failure to state a claim. Because Thompson-Pratt's Petition does not meet the required pleading standards, the Government's Motion to dismiss will be granted, and Thompson-Pratt's Petition will be dismissed without prejudice.

**I.**

**A.**

On July 31, 2023, in related criminal proceedings, Michael Pratt pleaded guilty to conspiracy to possess with intent to distribute cocaine, violating 21 U.S.C. §§ 846 and 841(a). *United States v. Pratt*, Case No. 22-cr-20187 (E.D. Mich.), ECF. No. 419. This Court accepted his guilty plea and entered a stipulated preliminary order of forfeiture under 21 U.S.C. § 853(a). *Id.*,

ECF No. 562. As the order reflects, Pratt forfeited the following property that the Government seized from his residence: $47,864; three guns; three magazines; and seventeen rounds of ammunition. *Id.* at PageID.2812.

As required by 21 U.S.C. § 853(n)(1) and Criminal Rule 32.2(b)(6), the Government published a notice of Pratt's forfeiture to notify third parties about the property that he forfeited. *See id.*, ECF No. 622. The notice described the forfeited property as follows:

> $14,634.00 U.S. Currency from residence at 2003 Arthur Street, Saginaw, MI; $11,430.00 from drawer under bed, $3,204.00 from pocket of black Gucci pants (22-FBI-007292)
>
> $33,230.00 U.S. Currency from wall safe within residence at 2003 Arthur Street, Saginaw, MI (22-FBI-007293)
>
> Miscellaneous Firearms, Magazines and Ammunition (22-FBI-008464), including the following items: 1 Glock 9mm pistol, Model: 19X, Ser No: BRRD578; Three (3) brown magazines and Seventeen (17) rounds loose ammunition, Ser No: N/A; 1 .22 caliber revolver, Make and Model: unknown, Ser No: Filed off; 1 .22 caliber revolver, Model: unknown, missing a barrel, Ser No: 13F57016

*Id.* at PageID.3542.

**B.**

In response to the Government's notice, Petitioner Devica Thompson-Pratt filed a three-paragraph Petition declaring an interest in Pratt's forfeited property on February 15, 2024.[1] ECF No. 1. Petitioner "claims [an] interest" in the $47,864 that Pratt forfeited because, according to

---

[1] Petitioner states that she initiated this proceeding under Criminal Rule 41. ECF No. 1 at PageID.1. Although Criminal Rule 41 allows a person to move for the return of property, *see* FED. CRIM. R. P. 41(g), it is inapplicable here. *United States v. One Million Seven Hundred Thousand Dollars ($1,700,000.00) in U.S. Currency*, 545 F. Supp. 2d 645, 653 (E.D. Mich. 2008) (noting, in civil forfeiture case, "once a party receives notice of forfeiture proceedings, Rule 41(g) is no longer an accessible remedy"); *United States v. Tahir*, No. 15-20351, 2016 WL 641342, at *6 (E.D. Mich. Feb. 18, 2016) (same in criminal forfeiture case). Petitioner also cites an inapplicable tax provision, 26 U.S.C. § 7601. ECF No. 1 at PageID.1. Accordingly, the Government requests that this Court construe the petition as an attempt to initiate an ancillary proceeding under 21 U.S.C. § 853(n). ECF No. 5 at PageID.10–11. This Court will do so.

Petitioner, the money was not from Pratt's "ill-gotten gains." *Id.* at PageID.2. Following that, Petitioner states two sources of income—her profession and a property sale. *Id.* And she asks that the Government return "the seized currency and her lawfully obtained property."[2] *Id.*

On June 14, 2024, the Government filed a motion to dismiss the petition under Criminal Rule 32.2(c)(1)(A). ECF No. 5. The Government argues that Petitioner failed to state a claim under 21 U.S.C. § 853(n)'s pleading requirements. *See* ECF No. 5 at PageID.12. Petitioner did not respond to the Government's Motion.

## II.

### A.

The Government has broad power to confiscate property that is the product of crimes. 21 U.S.C. § 853(a); *Honeycutt v. United States*, 581 U.S. 443, 447 (2017). Indeed, the Government may confiscate *any* property "derived from or used to facilitate" qualifying criminal activity. *Honeycutt*, 581 U.S. at 447. Given the breadth of the Government's forfeiture power, third parties may have interests in criminally forfeited property. *See United States v. Tarraf*, 725 F. Supp. 2d 625, 627–28 (E.D. Mich. 2010). Thus, § 853(n)(1) and Criminal Rule 32.2(b)(6) require the Government to publish notice of a forfeiture order so potentially affected third parties can assert an interest in the forfeited property. *See* 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

"[T]he sole avenue for [third parties] to assert an interest in" forfeited property is an "ancillary proceeding under § 853(n)." *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (cleaned up). To initiate an ancillary proceeding, a third party must file a petition "to adjudicate

---

[2] Below her signature, Petitioner includes a section titled "Items Claimed," which lists the following item numbers: "22-FBI-008464, 22-FBI,0072920, 22-FBI-008464, 22-FBI-008464." ECF No. 1 at PageID.2. Although these item numbers include duplicative claims to the ammunition and firearms and a partial claim for the seized money, viewing the petition as a whole, this Court interprets Petitioner to assert an interest in all the seized property.

the validity of his alleged interest in the [forfeited] property." 21 U.S.C. § 853(n)(2). This petition must describe the "nature and extent of the petitioner's . . . interest in the property" and "the time and circumstances of the petitioner's acquisition of the . . . interest." *Id.* § 853(n)(3).

But, under § 853(n), a third party's interest is not always sufficient to recover forfeited property. *Fabian*, 764 F.3d at 638. Indeed, a third party can only recover the forfeited property if his or her interest falls into one of two categories: (1) the third party's property interest "was superior" to the defendant's interest "at the time of the commission of the acts which gave rise to the forfeiture";[3] or (2) the third party was a "bona fide purchaser for value" of the forfeited property. *Id.* (citing 21 U.S.C. § 853(n)(6)(A), (B)).

**B.**

The Government can move to dismiss a third party's petition. FED. R. CRIM. P. 32.2(c)(1)(A). Indeed, Criminal Rule 32.2(c)(1)(A) allows courts to dismiss a petition for, among other things, a petitioner's "failure to state a claim." *Id.* Courts must treat motions to dismiss under Criminal Rule 32.2(c)(1)(A) like motions to dismiss under Civil Rule 12(b)(6). *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009). So courts must accept the facts in a petition as true. FED. R. CRIM. P. 32.2(c)(1)(A). But a petitioner's "conclusory" claims to an interest in the forfeited property are insufficient. *Fabian*, 764 F.3d at 638. At bottom, a petition must contain sufficient factual content to support that the petitioner's interest falls into one of the two categories that permit the petitioner to recover the forfeited property. *See id.*; *see also United States v. Chang*, No.

---

[3] Both 21 U.S.C. § 853(n)(6)(A)'s plain text and some cases state that the third party's interest must be superior *to the forfeiting defendant's* interest. *See Fabian*, 764 F.3d at 638. Other cases suggest that the third party's interest must be superior to the *Government's* interest. *See United States v. Galemmo*, 661 F. App'x 294, 296 (6th Cir. 2016). But this distinction is without difference. That is because the Government's property interest relates back and vests "'upon the commission of the act giving rise to forfeiture under'" § 853. *Id.* (quoting 21 U.S.C. § 853(c)). So, since the Government's interest relates back to the time of the offense, if the forfeiting defendant's interest was superior to the third party's at that time, so is the Government's.

19-mc-51797, 2020 WL 1083777, at *3 (E.D. Mich. Mar. 6, 2020).

### III.

The Government's Motion is two-fold. First, the Government argues that the Petition does not include any information about the Petitioner's interest in the gun-related property, failing to meet the basic pleading requirements under § 853(n)(3). ECF No. 5 at PageID.12. Second, the Government contends that the Petition does not contain sufficient facts to support that Petitioner's interest in the $47,864 satisfies either category that permits a third party to recover forfeited property. ECF No. 5 at PageID.12–13 (citing § 853(n)(6)). Both arguments are persuasive.

### A.

Starting with the gun-related property, the Petition does not pass muster under § 853(n)(3). The Petition does not include a single fact about the "nature and extent of [Petitioner]'s . . . interest," § 853(n)(3), in the guns, ammunition, or magazines that Petitioner claims. *See generally* ECF No.1. Nor does it include any details about when or how Petitioner allegedly obtained such property. *Id.* Rather, Petitioner states only that she "lawfully obtained" these items. *Id.* at PageID.2. But this is not enough under § 853(n)(3). After all, "conclusory" claims to an interest in forfeited property cannot survive a motion to dismiss under Criminal Rule 32.2(c)(1)(A). *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014).

### B.

Moving to the money, the Petition flunks § 853(n)'s pleading requirements for two reasons. First, Petitioner claims she is entitled to the $47,864 because it does not include the "ill-gotten gains of Mr. Michael Pratt" and, thus, is not subject to criminal forfeiture. ECF No. 1 at PageID.2. But once a court issues a preliminary order of forfeiture, a third party cannot challenge whether the property is subject to forfeiture, *Fabian*, 764 F.3d at 638, meaning this Court's preliminary

order of forfeiture precludes Petitioner's argument.

Second, the rest of the Petition does not demonstrate that Petitioner's interest in the money was superior to Pratt's at the time of his crimes, thus undermining her only remaining basis for recovery under § 853(n)(6). The Petition merely "claims [an] interest" in the money and describes her sources of income at the time the money was seized. ECF No. 1 at PageID.2. Petitioner does not allege that the cash seized at Pratt's house was her income. And she does not allege that the seized money belonged to her and her alone, such that Pratt had no interest or an inferior interest in the money. Again, Petitioner only states that the seized money was not from Pratt's "ill-gotten gains." *Id.* At worst, these statements are inadequate "conclusory" claims, *Fabian*, 764 F.3d at 638. At best, they establish that Petitioner has *some* interest in the money. In either event, they do not support that Petitioner's interest was superior to Pratt's, failing § 853(n)(6). *See Tarraf*, 725 F. Supp. 2d at 628; *see also Chang*, 2020 WL 1083777, at *3; *United States v. Reznick*, No. 19-51178, 2019 WL 6496571, at *2 (E.D. Mich. Dec. 3, 2019); *United States v. Fabian*, No. 1:11-cr-157, 2013 WL 150361, at *7 (W.D. Mich. Jan. 14, 2013), *aff'd*, 764 F.3d 636 (6th Cir. 2014).

In sum, Petitioner's Petition does not satisfy § 853(n)'s pleading requirements. Petitioner's interest in the gun-related property is too conclusory. And the Petition does not contain enough facts to support that Petitioner's interest in the $47,864 that the Government seized was superior to Pratt's. Thus, the Petition will be dismissed under Criminal Rule 32.2(c)(1)(A).

### IV.

Accordingly, it is **ORDERED** that the Government's Motion to Dismiss, ECF No. 5, is **GRANTED.**

Further, it is **ORDERED** Petitioner's Petition for Return of Seized Property, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

- 7 -

Dated: September 5, 2024    <u>s/Thomas L. Ludington</u>
　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　United States District Judge